UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:11-cr-0327 MCE AC P |
| Respondent, | |
| v. | ORDER |
| TYNISHA MARIE HORNBUCKLE, | |
| Movant. | |

By order filed on October 19, 2016, respondent was ordered to respond to movant's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ECF No. 203. Respondent now seeks an order finding that movant has waived the attorney-client privilege with respect to the matters raised in her § 2255 motion and compelling defense counsel to provide information subject to the waiver. ECF No. 207. Respondent's request will be denied without prejudice to renewal at a later stage of the proceedings.

The waiver of attorney-client privilege in this context is governed by Bittaker v. Woodford, which holds that an ineffective assistance claim waives the privilege only "to the extent necessary to give [respondent] a fair opportunity to defend against [the particular claim]." 331 F. 3d 715, 720 (9th Cir. 2003). The scope of the waiver is to be determined by the court, and tailored to the universe of facts placed in issue by the claim and by respondent's claim-specific needs for information. Id.

In this case, it will only be necessary to inquire into otherwise privileged matters to the extent, if any, that the court must ultimately make factual findings regarding counsel's performance in order to adjudicate the claims. At this stage of the proceeding, it is not at all clear whether this will be necessary. Respondent is directed to answer the § 2255 motion. An answer may admit or deny factual allegations or specify as to particular allegations that respondent lacks sufficient information to admit or deny. In its supporting memorandum, respondent may challenge the legal sufficiency of claims and/or brief issues that do not turn on the truth of movant's factual allegations (such as any procedural bars or whether, assuming the truth of his allegations regarding counsel's acts and omissions, movant can establish prejudice within the meaning of Strickland v. Washington, 466 U.S. 668, 693-94 (1984)).[1]

Once the answer and reply have been filed and the motion is submitted, the court will determine whether disposition of the motion requires factual findings regarding counsel's conduct. See 28 U.S.C. § 2255(b); United States v. Withers, 638 F.3d 1055, 1062 (9th Cir. 2011) (evidentiary hearing necessary when movant has made specific factual allegations that, if true, would support relief). Should an evidentiary hearing be ordered on some or all claims, motions for discovery will be appropriate and the court will be in a position to tailor a ruling on the waiver of attorney-client privilege to the claims that are proceeding to hearing.

Accordingly, IT IS ORDERED that respondent's motion for a court order finding that movant has waived the attorney-client privilege with respect to the matters raised in her § 2255 motion and compelling defense counsel to provide information subject to the waiver (ECF No. 207) is denied, without prejudice, as premature.

DATED: December 29, 2016

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[1] The court need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong. Strickland, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Id.