UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:11-cr-00327 MCE AC |
|---|---|
| Plaintiff/Respondent, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| TYNISHA MARIE HORNBUCKLE, | |
| Defendant/Movant. | |

Movant, a federal prisoner proceeding pro se, brings a challenge to her sentence under 28 U.S.C. § 2255. ECF No. 196. The United States opposes the motion, ECF No. 214, and movant has replied, ECF No. 215.

I. Background

On July 28, 2011, movant Tynisha Marie Hornbuckle was charged by indictment with eleven counts, as follows: Conspiracy to Commit Sex Trafficking of Children by Force, Fraud, and Coercion (18 U.S.C. § 371); 10 counts of Sex Trafficking of Children by Force, Fraud, and Coercion (18 U.S.C. § 1591); and one count of Tampering with a Witness (18 U.S.C. § 1512(b). ECF No. 118 at 1.

On May 3, 2012, movant entered a plea of guilty to Counts 4 and 8 of the indictment— two counts of violating § 1591(a)(1) and (b)(2)—pursuant to a written plea agreement. See ECF Nos 115, 118. Movant signed the written plea agreement, stipulating that the factual basis for the plea was accurate. ECF No. 118 at 2. The plea agreement further set forth the elements of the

1  offense, id. at 4, and set forth the possibility of a sentence of imprisonment no less than 10 years
2  and up to life, id. at 5. The agreement stated that movant waived her right to appeal her
3  conviction or sentence. Id. at 8. Movant represented that she had read and reviewed the
4  agreement with her attorney and acknowledged that she was satisfied with the representation by
5  her attorney, Bruce Locke. Id. at 11.
6        Following her guilty plea, the presentence report identified advisory guidelines that
7  included: (1) a two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B) for undue influence as
8  applied to two of the minors; and (2) a two-level enhancement under U.S.S.G. § 2G1.3(b)(4)(A)
9  for actual commission of sex acts by all three minors. United States v. Hornbuckle, 784 F.3d 549,
10 552 (9th Cir. 2015). Movant objected to the two enhancements at an evidentiary hearing prior to
11 sentencing. Id.; ECF No. 149. The court accepted the recommendation from the presentence
12 report and applied the enhancement. Hornbuckle, 784 F.3d at 552. Judgment was entered on
13 October 18, 2012, and movant was sentenced to a total of 188 months of imprisonment on each
14 court, to be served concurrently. Id.; ECF No. 159. On October 21, 2012, petitioner appealed her
15 conviction—including the application of enhancements to her sentence—to the Ninth Circuit,
16 ECF No. 156, and her conviction was affirmed. See Hornbuckle, 784 F.3d at, 557. The Ninth
17 Circuit rejected movant's argument that applying § 2G1.3(b)(2)(B) was improper because movant
18 did not unduly influence the minors to engage in prostitution, as well as her argument that
19 applying § 2G1.3(b)(4)(A) constituted double counting. Id. at 552.
20       On April 4, 2016, movant filed the instant motion to vacate, set aside, or correct her
21 sentence under 28 U.S.C. § 2255. ECF No. 196.
22    II.      Movant's Motion
23       Movant requests the court vacate, set aside, or correct her sentence arguing (1) ineffective
24 assistance of counsel, and (2) a violation of her constitutional right to due process. ECF No. 196
25 at 3-4. Specifically, movant contends that she asked her defense counsel to file an appeal to the
26 U.S. Supreme Court, but counsel refused to do so, id. at 4, and that her conviction was obtained
27 by a guilty plea that was induced or not made voluntarily, id.
28 ////

III.   Legal Standard

A federal prisoner making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, the district court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute. Davis v. United States, 417 U.S. 333, 343-44 (1974). To warrant relief, a movant must demonstrate the existence of an error which had a substantial and injurious effect or influence on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); see also United States v. Montalvo, 331 F.3d 1052, 1058 (9th Cir. 2003) (Brecht standard applies to habeas cases brought under section 2255 just as it does to those under section 2254), cert. denied, 541 U.S. 1011 (2004).

IV.   Analysis

   A. Movant Waived Her Right to Collaterally Attack Her Conviction and Sentence

In her plea agreement, movant agreed to waive her right to collaterally attack her conviction or sentence by a motion under § 2255 or otherwise. See ECF No. 118 at 8. While these types of waivers are generally enforceable, see United States v. Joyce, 357 F.3d 921, 922 (9th Cir. 2004), courts must "look[ ] to the circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996).

Movant's statements waiving her right to collaterally attack her conviction and sentence, made under oath during the plea colloquy, are entitled to a presumption of truthfulness. See Blackledge v. Allison, 431 U.S. 63, 73–74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a

strong presumption of veracity in subsequent proceedings attacking the plea."); United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir. 1993) ("Statements made by a criminal defendant contemporaneously with his plea should be accorded great weight because solemn declarations made in open court carry a strong presumption of verity." (internal quotation marks and brackets omitted)).

While movant was advised that she retained the right to appeal the application of any specific offense characteristics and the sentence imposed by the Court—which she did, albeit unsuccessfully—she stated during the plea colloquy that she was knowingly and voluntarily agreeing to waive appeal of the plea itself. ECF No. 210 at 13, 20-21. The court asked movant if she was entering her plea voluntarily, and she responded that she was. Id. at 10. Movant acknowledged that she understood that the court was not a party to the agreement and not bound by the sentencing recommendations, and could impose any sentence up to the maximum established by statute, life imprisonment. ECF No. 118 at 2; ECF No. 210 at 17, 18-19. The court asked if movant was satisfied with the advice and representation of her attorney, and she answered affirmatively. Id. at 10-11. The court read the terms of the agreement, and movant stated that she understood these terms. Id. at 14. The procedures were sufficient to demonstrate a knowing and voluntary waiver. See, e.g., Baramdyka, 95 F.3d at 844.

There is an exception to the general enforceability of such waivers that may apply where a movant or petitioner raises an ineffective assistance of counsel claim challenging the voluntariness of the waiver at issue. See Washington v. Lampert, 422 F.3d 864, 870-71 (9th Cir. 2005). Movant has not raised this issue, nor has she argued that her counsel was ineffective with respect to the voluntariness of the waiver. See ECF 196. Instead, she argues that counsel was ineffective for failing to file a petition for writ of certiorari. Id. at 3-4. Because movant has not challenged counsel's ineffectiveness as the plea stage, this exception in inapplicable to movant's case. Movant waived her right to collaterally attack her conviction or sentence. However, even if she had not waived that right, her motion fails on the merits.

////

////

B. <u>Movant's Ineffective Assistance of Counsel Claim</u>

The Sixth Amendment guarantees "the right to effective assistance of counsel." <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n. 14 (1970). To establish a constitutional violation based on ineffective assistance of counsel, a movant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 692, 694 (1984). In assessing counsel's performance, the court must apply a strong presumption that counsel's representation fell within the wide range of reasonable professional assistance. <u>Id.</u> at 689. Courts must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id.</u> at 690. Prejudice means that the error actually had an adverse effect on the defense. <u>Id.</u> at 693. There must be a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Id.</u> at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. <u>Id.</u> The court need not address both prongs of the <u>Strickland</u> test if the movant's showing is insufficient as to one prong. <u>Id.</u> at 697.

Movant argues counsel was ineffective for refusing to pursue her appeal up to the United States Supreme Court. ECF No. 196 at 4. However, there is no constitutional right to counsel with respect to the filing of certiorari petitioners. The due process clause of the fourteenth amendment guarantees a criminal defendant the right to the effective assistance of counsel on his or her first appeal as of right. <u>Evitts v. Lucey</u>, 469 U.S. 387 (1985). But a state is not required to provide any counsel to a defendant seeking to file a certiorari petition to the United States Supreme Court. <u>Miller v. Keeney</u>, 882 F.2d 1428, 1431 (9th Cir. 1989) (citing <u>Ross v. Moffitt</u>, 417 U.S. 600, 617-18 (1974); <u>see also</u> <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987) ("the right to appointed counsel extends to the first appeal of right, and no further"). Where there is no constitutional right to counsel, there can be no constitutionally deficient assistance of counsel.

Movant, in her reply, cites to <u>Qualls v. United States</u>, 718 A.2d 1039, 1039 (D.C. 1998), to argue that her defense counsel was required to advise her of the decision not to appeal, and advise her of her right to pursue the case pro se. ECF No. 215 at 2. Notwithstanding that <u>Qualls</u>

5

is not precedential or binding on this court[1], the case is inapposite to movant's position. In that case, following a motion by the petitioner's counsel asking the court to appoint replacement counsel to file a writ of certiorari, the court reiterated that counsel is not guaranteed when filing a writ of certiorari when there is no legal basis for such petition. Qualls, 718 A.2d at 1040. Additionally, the court looked at state laws and explicitly explained that federal statutes were "not directly applicable to [that] court" and they were "not obliged to follow the Supreme Court's directions."[2] Id. at 1040. The court determined that upon disposition of an appeal, if the appellate counsel determines there are no non-frivolous issues to present to the Supreme Court in a certiorari petitioner, counsel should advise their client of any available options and notify the client in writing that they will not be filing a petition for certiorari. Id. at 1041.

Movant, in her petition, does not argue that counsel failed to inform her she could proceed pro se. In fact, movant explains that after she asked her attorney if she could take further actions, he explained to her that "there were other motions [movant] could file, but he declined to file it because, in his opinion, it would not be successful." ECF No. 118 at 3.

Only in her reply brief does movant suggest, contradicting her initial motion, that counsel failed to properly advise her of her right to proceed pro se. ECF No. 215 at 2. Arguments raised for the first time in a habeas petitioner's reply brief are deemed waived. Delgadillo v. Woodford, 527 F.3d 919, 930 n.4 (9th Cir. 2008) (citing Burlington N. & Santa Fe Ry. Co. v. Vaughn, 509 (F.3d 1085, 1093, n.3 (9th Cir. 2007). However, even if movant had properly raised this argument, she has not presented any facts contrary to her initial statement that counsel had informed her there were other motions she could file. And importantly, she still cannot satisfy the second prong of the Strickland analysis demonstrating prejudice. To satisfy this element, movant would have to show that there is a reasonable probability she would have prevailed in her Supreme Court litigation, notwithstanding counsel's error. See Miller, 882 (explaining that

---

[1] "Decisions by state supreme courts . . . are not binding on federal courts." See Brockmeier v. Solano Cty. Sheriff's Dep't, No. CIV-S05-2090 MCEEFBP, 2006 WL 3760276, at *9 (E.D. Cal. Dec. 18, 2006).

[2] The court noted that the federal and state statutes are essentially the same. Qualls, 718 A.2d at 1040.

1 petitioner needed to show that "there is a reasonable probability that, but for counsel's
2 unprofessional errors, [petitioner] would have prevailed on appeal"). Movant does not meet this
3 threshold. She does not elaborate on what would have been filed. She does not explain why the
4 Ninth Circuit's reasoning was wrong. And she does not explain her likelihood for success at the
5 Supreme Court in any capacity. Accordingly, movant cannot prevail on this argument.

### C. Movant's Fifth Amendment Due Process Claim

Movant next asserts a claim for relief based on her Fifth Amendment Due Process rights, arguing her conviction was "unlawfully induced or not made voluntarily or with the understanding of the nature of the charge and the consequences of the plea." ECF No. 196 at 4.

"Due process requires a defendant's guilty plea to be equally voluntary and knowing, and such plea must reflect an intentional relinquishment or abandonment of his privilege against self[-] incrimination, his right to trial by jury, and his right to confront his accusers." United States v. Escamilla-Rojas, 640 F.3d 1055, 1062 (9th Cir. 2011) (internal quotation marks omitted).

Plaintiff argues in her reply that while she entered a guilty plea, she did not agree to be held responsible for enhancements that could increase the base of the sentencing floor. ECF No. 215 at 3. Citing Alleyne v. U.S., 570 U.S. 99 (2013), movant appears to argue that enhancements not agreed upon by a defendant or found by a jury trial cannot be used as a basis for sentencing. ECF No. 215 at 3. In Alleyne, the Court determined that any fact that has the potential to increase a mandatory minimum sentence must be submitted to and found true by a jury. Alleyne, 570 U.S. at 117. The case rested on the factual question whether the defendant had brandished a firearm, as a finding of such would increase the mandatory minimum sentence. Id. The judge, instead of the jury, in that case, made a factual finding that the defendant had brandished a weapon. Id.

Alleyne is inapplicable to the facts at hand, as the sentencing determination in movant's case was made on the basis of facts to which movant had stipulated on the record. Moreover, movant acknowledged that she understood that the Court was not a party to the agreement and not bound by the sentencing recommendations, and could impose any sentence up to the maximum established by statute, life imprisonment. ECF No. 118 at 2; ECF No. 210 at 17, 18-19. The

agreement itself contemplated that the court could "consider whether there [was] a basis for departure from the guideline sentencing range . . . because there exists an aggravating . . . circumstance of a kind." ECF No. 118 at 6. It further set forth that that the parties did not stipulate to any specific offense characteristics, and that the parties were free to argue for or against the application of any specific offense characteristics. Id. This stipulation specifically contemplated the application of U.S.S.G. §§ 2G1.3(c)(1) and 3D1.2(d) to movant's sentence. Id.

The record reflects that movant did not raise any concerns about her plea agreement, and that she signed the agreement indicating that she had discussed the charges, the defenses, and the consequences of her plea with her attorney. See ECF Nos. 118 & 210. Movant provides no reason for this court to doubt the truthfulness of her sworn statements that she understood the rights she was giving up and that she was doing so freely and voluntarily. Movant presents no new facts that would cast doubt on the voluntariness of her waiver. Therefore, the undersigned finds that the waiver was knowingly and voluntarily made based on movant's statements made under oath during the plea colloquy as well as in her plea agreement.

V.     Conclusion

For the reasons set forth above, IT IS HEREBY RECOMMENDED that the Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255, ECF No. 196, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

If movant files objections, she may also address whether a certificate of appealability should issue and, if so, why and as to which issues. Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Cases, this court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: August 3, 2020

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE